(140 App. Div. 408.)

ORGEL v. BLOCK.

(Supreme Court, Appellate Division, First Department. November 2, 1910.)

1. ELECTIONS (§ 132*)—NOMINATION BY CONVENTION—ROLL CALL AND ORGANIZATION.

It is essential to a legal nominating convention that there be an actual calling of the roll and an election of a temporary chairman.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 132.*]

2. ELECTIONS (§ 133*)—MINUTES OF NOMINATING CONVENTION—MANDAMUS.

The filing of the minutes of a nominating convention may be enforced by mandamus or by summary order of the court.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 133.*]

3. ELECTIONS (§ 158*)—MINUTES OF NOMINATING CONVENTION—FILING MINUTES.

The statutory provision as to filing the minutes of a nominating convention is directory only, so that the failure to file the official minutes of a nominating convention, or the failure of the minutes to show that the statutory requirements were complied with, does not of itself make a nomination by such convention void.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 158.*]

4. ELECTIONS (§ 133*)—NOMINATING CONVENTION—PROOF OF ACTUAL PROCEEDINGS—NOMINATION RECEIVED.

In the absence of the official minutes of a nominating convention, or of a showing by the minutes that the statutory requirements were complied with, the nomination will be received, if it appears to the board of elections that there was an actual convention composed of a majority of duly elected delegates, and that the convention actually met and made a nomination.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 133.*]

Appeal from Special Term, New York County.

Proceeding by David H. Orgel against Jacob W. Block. From an order of the Special Term, this appeal is taken. Order affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

G. A. Rogers, for appellant.

A. S. Gilbert and H. Crone, for respondent.

PER CURIAM. The court is unanimously of the opinion that while there are certain necessary preliminaries in order to constitute a convention, and it is essential that these preliminaries should actually take place—as regards calling of the roll and the election of a temporary chairman—the provision as to the filing of the minutes is directory, and while the filing of those minutes may be enforced by mandamus, or by summary order of the court, the fact that the min-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

utes themselves were not filed, or that they did not show that the statutory requirements were complied with, does not of itself make the nomination void, if it appears before the board of elections by competent testimony that the preliminaries were actually performed. So that, notwithstanding these irregularities, and although the official minutes do not show that the statutory requirements were performed, if as matter of fact it appears by competent evidence that they were performed, that there was an actual convention composed of a quorum or majority of the delegates duly elected, and that the convention actually met and made a nomination, then the nomination can be received. And so in all these objections raised here, as we understand, the court has found that the preliminaries required by the statute were actually carried out, and that the statute was actually complied with; and so far as we can see there was evidence to sustain that determination of the court below.

Under these circumstances, the board of elections was justified in overruling the protest; and the court below was right in refusing to overrule the action of the board.

This results in an affirmance of the order.